UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CIVIL ACTION NO. 0:23-cv-00070-DLB-EBA

STACY L. RITCHIE,                                                                                            PLAINTIFF,

V.                                            **REPORT & RECOMMENDATION**

NEW YORK LIFE INSURANCE COMPANY,                                                   DEFENDANT.

*** *** **** ***

Defendant New York Life Insurance Company removed this action from Rowan County Circuit Court based on diversity jurisdiction. [R. 1]. In response, Plaintiff Stacy L. Ritchie moves to remand this action back to state court. [R. 6]. The matter is fully briefed and ripe for review. [R. 6, 8, 10].

I.    FACTS AND PROCEDURAL HISTORY

On February 16, 2022, Stacy Ritchie sued New York Life Insurance Company (NY Life) in the Rowan County Circuit Court alleging that NY Life breached the terms of an insurance plan, in which Ritchie was insured, by denying her request for disability benefits. [R. 1 at pg. 1]. On March 25, 2022, Ritchie moved for default judgment requesting over $1,920,000 in relief. [R. 1 at pg. 35]. On April 12, 2022, NY Life removed the action from Rowan County Circuit Court based on diversity jurisdiction. [R. 1 at pg. 87]. On May 5, 2022, Parties filed an Agreed Order of Remand.[1]

---

[1] Parties' Agreed Order of Remand does not include the value of the amount of controversy that the parties stipulated to. Ritchie asserts in her Motion to Remand that the original complaint totaled $31,467.30, which was "$43,532.61 short of the jurisdictional amount in controversy requirement." [R. 1 at pg. 96–97]. NY Life states that the stipulated amount was $43,532.61, but cites that value derives from Ritchie's Motion to Remand. [R. 1 at pg. 3, R. 8 at pg. 11].

Then, on April 24, 2023, 11 months later, Ritchie moved in the Rowan Circuit Court for leave to file an Amended Complaint to add three new claims alleging violations of the Kentucky Unfair Claims Settlement Practices Act (KRS 304.12-230), Time of Payment of Claims (KRS 304.12-235), and breach of good faith and fair dealing. [R. 1 at pgs. 263–270]. Ritchie asserts that she amended her complaint based on new information learned during NY Life Claim Representative Annette DeRobertis' deposition completed on March 23, 2023. [R. 6 at pg. 5]. Ritchie alleges that in the deposition she learned for the first time that DeRobertis did not investigate Ritchie's "medical," "vocational," and "functional" evidence before making the decision to deny Ritchie's claim and that DeRobertis had the "full authority" to approve Ritchie's claim. [R. 1 at pgs. 259–260; R. 10 at pg. 3]. In response, NY Life alleges that the basis and methodology for DeRobertis' decision, including the fact that DeRobertis did not independently investigate Ritchie's claim, was included in Ritchie's NY Life Claims File. [R. 8 at pg. 3]. NY Life asserts Ritchie had access to this information in the NY Life Insurance Claims File produced in discovery on June 3, 2022. [*Id.*]. In her Amended Complaint, Ritchie seeks all compensatory, equitable, declaratory, injunctive, and exemplary relief to include costs, interest, attorneys' fees, and other relief as is appropriate. [R. 1 at pg. 267].

On May 5, 2023, Rowan County Circuit Court Judge Hon. David A. Barber hand wrote on Parties' motion hour document, "motion to amend sustained." [R. 1 at pg. 287]. On May 11, 2023, the Rowan County Circuit Court entered a written order granting Ritchie's Motion for Leave to File an Amended Complaint and ordering that Ritchie's amended complaint was "deemed filed as of [May 10, 2023]." [R. 1 at pg. 294].

On June 8, 2023, NY Life again removed this action from Rowan County Circuit Court (now based on Ritchie's Amended Complaint) alleging this Court has subject-matter jurisdiction

pursuant to 28 U.S.C. § 1132 and § 1441, and that removal is timely pursuant to § 1446. [R. 1 at pgs. 1–10]. In support of this removal, NY Life contends: (1) the amount in controversy exceeds $75,000; (2) removal was filed within 30 days of the filing of Ritchie's Amended Complaint; and (3) Ritchie acted in bad faith in order to prevent NY Life from removing the action. [R. 1 at pgs. 2–8]. On June 19, 2023, Plaintiff Ritchie moved to Remand and for Awards of Costs and Attorneys' Fees Pursuant to 28 U.S.C. § 1447(c). [R. 6]. Ritchie claims: (1) NY Life has not established that the amount in controversy exceeds $75,000; (2) NY Life did not remove within 30 days of Ritchie's Amended Complaint, and (3) Ritchie did not act in bad faith. *Id*.

## II.   ANALYSIS

*Motion to Remand*

A defendant may remove a civil action to federal court if "the district courts of the United States have original jurisdiction." 28 U.S.C. §1441(a). A federal court generally has original jurisdiction where a federal question is raised, or diversity jurisdiction exists. Diversity jurisdiction exists where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between parties who are "citizens of different states." 28 U.S.C. § 1332(a)(1). The removing party has the burden of "demonstrating by competent proof that the complete-diversity and amount-in-controversy requirements are met." *Cleveland Hous. Renewal Project v. Deutsche Bank Tr. Co.,* 621 F.3d 554, 559 (6th Cir. 2010) (citing *Hertz Corp v. Friend*, 559 U.S. 77 (2010)). In Kentucky state courts, plaintiffs are prohibited from stating the specific amount that they seek to recover in their complaint. KY. R. CIV. P. 8.01(2). Where the complaint is silent on the amount in controversy, as is the case with complaints filed in Kentucky state courts, the removing party must establish that it is "more likely than not" that the amount in controversy requirement was satisfied at the time of removal. *Gafford v. Gen. Elec. Co.,* 997 F.2d 150, 158 (6th Cir. 1993).

When considering such removals, courts rely on "a fair reading of the Plaintiff's complaint, common sense, and its own judicial experience." *Caperton v. State Auto Prop.,* No. 6:22-cv-101-CHB-HAI, 2022 WL 17813795, at *3 (E.D. Ky. July 5, 2022). Because federal courts enjoy limited jurisdiction, removal statutes are construed narrowly, and doubts are resolved in favor of remand. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549–50 (6th Cir. 2006).

Furthermore, a party has 30 days from the date the case is filed to remove the action, but pursuant to 28 U.S.C. § 1446(b)(3), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." The 30-day period for removal begins when a defendant has "solid and unambiguous information that a federal district court would have jurisdiction over the case." *Forest Creek Townhomes, LLC v. Carroll Prop. Mgmt. LLC.,* 695 Fed. Appx. 908, 912 (6th Cir. 2017). Additionally, a defendant may not remove a civil action to federal court if more than one year has passed since the commencement of the action, unless the plaintiff is found to have acted in bad faith to prevent removal. 28 U.S.C. §1446(c)(1). Defendants seeking to remove a case beyond the one-year mark bear the burden of proving bad faith. *Keller Logistics Grp. V. Navistar, Inc*., 391 F. Supp. 3d 774, 778 (N.D. Ohio 2019) (citing *Rogers v. Wal-Mart Stores, Inc*., 230 F.3d 868, 871 (6th Cir. 2000)).

Ritchie argues that this matter should be remanded back to state court for two reasons: (1) NY Life's removal is untimely, and (2) NY Life did not establish that the amount in controversy requirement was satisfied. [2] [R. 6].

---

[2] It is undisputed that Ritchie is a citizen of Kentucky and NY Life is a citizen of New York. [R. 1 at pg. 3]. Therefore, the only issues to consider here are timeliness of the removal and the amount in controversy.

*Timeliness*

Beginning with the timeliness issue, Ritchie argues that the 30-day deadline for removal expired on June 5, 2023, 30 days after the Rowan County Circuit Court orally granted Ritchie's motion to amend her complaint. [R. 6 at pg. 3]. NY Life asserts that the deadline expired on June 11, 2023, 30 days after the Rowan County Circuit Court entered the written order granting Ritchie's motion to amend. [R. 8 at pg. 9]. As previously stated, the deadline for removal expires 30 days after a defendant receives a copy of an amended complaint, motion, or another paper from which it may be "first ascertained that the case has become removable." 28 U.S.C. § 1446(b)(3). The Sixth Circuit has held that removal before the state court has actually amended the complaint "may have the anomalous effect that the removed case lacks federal jurisdiction at the time that it is removed." *Freeman v. Blue Ridge Paper Prods.*, 551 F.3d 405, 410 (6th Cir. 2008). In *Freeman*, where there was a motion to amend, and oral order granting the motion, the Court held that the time limit should begin to run from the "actual and effective amendment of the complaint." *Id.* at 409–10. There, under Tennessee state law, an oral order to amend the complaint was not effective until entered as a written order. *Id*. Therefore, the "actual and effective amendment of the complaint," starting the §1446(c) 30-day timer, was the day the written order was entered. *Id*.

Here, under Kentucky Rule of Civil Procedure 58(1), a complaint is amended only upon issuance of a written order signed by the judge. *Mischler v. Thompson,* 436 S.W.3d 498, 503 (Ky. 2014) ("[A]fter an order is signed by the judge, the clerk, forthwith upon receipt of the signed order, shall note it in the civil docket. The notation shall constitute the entry of the order or judgment, which shall become effective at the time of such notation."). Under Kentucky state law, like in *Freeman*, the "actual and effective amendment of the complaint" occurs on the day the written order is entered. Here, the written order was issued, signed by the judge, and entered by

the clerk on May 11, 2023, and therefore, the 30-day timer for removal began on May 11, 2023. NY Life timely removed this action pursuant to § 1446(b)(3) on June 8, 2023, within 30-days of the entry of the written order.

Ritchie additionally asserts that removal was not timely because NY Life removed the action more than one year after its commencement. As previously stated, a defendant may not remove a civil action to federal court if more than one year has passed since the commencement of the action, unless the plaintiff is found to have acted in bad faith to prevent removal. 28 U.S.C. §1446(c)(1). NY Life argues that Ritchie intentionally delayed her request for leave to amend her complaint until after the one-year removal deadline in order to preclude removal. [R. 8 at pg. 2]; 28 U.S.C. § 1446(c). While the Sixth Circuit Court of Appeals has not addressed the meaning of bad faith in § 1446(c), various District Courts in the Circuit have found bath faith where "the plaintiff is engaged in intentional conduct to deny the defendant the chance to remove the case to federal court." *Williams v. 3M Co.,* 2018 U.S. Dist. LEXIS 104518, at *12–13 (E.D. Ky. June 22, 2018) (citing *Hiser v. Seay,* 2014 U.S. Dist. LEXIS 168429, at *4 (W.D. Ky. Dec. 5, 2014); *Comer v. Schmitt,* 2015 U.S. Dist. LEXIS 139895 (S.D. Ohio Oct. 14, 2015)).

Courts throughout the Sixth Circuit have held that a defendant's purposeful delay can be considered bad faith. *Id*. The courts in *Hiser* and *Comer* held that the plaintiffs' delayed acceptance of settlement offers from non-diverse defendants until after the one-year removal date passed was intentional inaction meant to prevent removal and constituted "bad faith." *Hiser*, at *3; *Comer at* *9–10. In both cases, the court could also point to statements by defendants admitting they purposefully delayed the action to prevent removal. *Hiser,* at *9–10; *Comer,* at *10. Contrastingly in *Williams v. 3M Co.,* the court held that the defendant did not meet the burden of showing that the plaintiff's inaction was meant to prevent removal where the delay was attributable to the

discovery deadline being well beyond the one-year removal deadline and the defendant did not "oppose the discovery deadline nor seek an earlier deadline to increase the likelihood [of] settlement [] while the case remained removable." *Williams v. 3M Co.*, 2018 U.S. Dist. LEXIS 104518, at *12–14.

NY Life argues that Ritchie hid the actual amount in controversy to prevent NY Life from being able to timely remove. [R. 8 at pg. 5]. In support of this, NY Life asserts: (1) Ritchie's discovery requests for NY Life's compensation practices and performance review procedures reflect that Ritchie always intended to later add additional claims; (2) Ritchie's counsel has a history of bad faith delay strategies; and (3) Ritchie's amendment derived from information that was in her possession in June 2022. [R. 8 at pgs. 6–8].

Here, the information Ritchie claims to have used to amend her complaint was already accessible to her as of June 2022. Ritchie asserts that she learned for the first time during DeRobertis' March 23, 2023 deposition that DeRobertis "accept[ed] without question the opinions of NY Life's in-house medical staff and paid record reviewers" when making the decision to deny Ritchie's insurance claim. [R. 10 at pg. 5]. However, in the portion of the claims file provided to the Court, the Memorandum created by DeRobertis states, "the medical documentation available does not support a total disability from 7/30/2021 to present" and suggested an Independent Medical Exam. [R. 1 at pg. 330]. As discussed in her memorandum, DeRobertis took the information provided to her by the various physicians who examined Ritchie and concluded, "based on the [Independent Medical Exam], Member total disability is not supported." [R. 1 at pg. 338]. DeRobertis made her decision based on the information provided to her by medical staff and gave no indication that she used or relied on any additional information; therefore, the information Ritchie asserts she relied on to amend her complaint was not new. In *Jones*, the court determined

that the plaintiff's dismissal of the diverse defendant after the one-year removal period had lapsed was not in bad faith because it was "plausible that Plaintiffs would agree to dismiss [the diverse defendant] after learning more information in a deposition." *Jones v. Wal-Mart Stores East, Inc.*, 2021 U.S. Dist. LEXIS 32352, at *4–5 (W. D. Tenn. Feb. 22, 2021). Here, the deposition information was not new and was available to Ritchie at least nine months before she amended her complaint. Ritchie delayed amending her complaint with information she had for multiple months in order to defeat removal.

Shortly after Ritchie moved for default judgment in state court, NY Life removed this action to federal court based on $1,920,000 being amount in controversy. Then, Ritchie stipulated to an amount in controversy below the threshold for removal, and the parties jointly agreed to remand back to state court. Now, with over one year having passed since the commencement of this action, and with no new information, Ritchie has added new claims and additional damages. This strongly suggests that Ritchie acted intentionally to prevent removal by waiting until after the one year deadline to add more claims. In *Castanon v. UPS*, the court held that plaintiff's amendment of his complaint reducing the claimed damages from over $75,000 to over $25,000, along with his deposition statement indicating he believed the case to be worth 3 to 4 million dollars, raised a "reasonable inference of bad faith." 624 F. Supp. 3d 846, 855 (E. D. Mich. Aug. 26, 2022). Similarly, Ritchie's wavering assertions of the amount in controversy raise a reasonable inference of bad faith here. After requesting millions of dollars, Ritchie stipulated an amount that would allow the parties to return to state court, waited for the year to pass, then added various new claims and requests for damages which will reasonably value more than $31,467.40.

Here, NY Life timely removed this action to federal court more than one year after the commencement of the action pursuant to 28 U.S.C. § 1446(c)(1) because Ritchie acted in bad faith

in order to prevent removal when she delayed amending her complaint using information she had since at least June 2022.

*Amount in Controversy*

Considering the issue of the amount in controversy, NY Life argues that because Ritchie's Amended Complaint now includes three new claims, punitive damages, and attorneys' fees, along with the original breach of contract claim, it is "more likely than not" that the amount in controversy exceeds $75,000. [R. 1 at pg. 4]. In support of this argument, NY Life asserts the value of Ritchie's original complaint was $31,467.40 but now, her amended complaint asserts damages of $11,180 per month since at least November 30, 2021." [R. 8 at pg. 11]. NY Life argues that applying a "conservative ratio of 1:1" for punitive damages to the value of the original complaint exceeds $75,000. *Id.*; R. 1 at pg. 4]. In response, Ritchie asserts that NY Life has not met the burden necessary to show that the amount in controversy is over $75,000 because the 1:1 ratio is speculative. [R. 6 at pg. 7].

As stated above, the removing party must establish that it is "more likely than not" that the amount in controversy requirement was satisfied at the time of removal. *Gafford*, at 158. In *Shupe v. Asplundh Tree Expert Co.*, the plaintiff demanded $60,000 in a settlement letter to compensate for her lost pay and benefits, and in her subsequent formal complaint, requested lost wages and employee benefits, punitive damages, and attorneys' fees. 566 F. App'x. 476, 479–482 (6th Cir. 2014). There, the court held that the amount in controversy likely exceeded $75,000 because the calculation of backpay extended through the anticipated trial date, and the $60,000 settlement offer failed to factor in the claims for "damages for embarrassment, humiliation, emotional distress, [] punitive damages, or attorneys' fees." *Id.* at 481. Similarly, in *Hollon*, the court held that the amount in controversy likely exceeded $75,000 where the plaintiff previously moved for summary

judgment requesting $30,000, and later requested attorneys' fees and punitive damages. The court stated that applying a "conservative 1:1 ratio of punitive damages" would result in an amount in controversy over $75,000." *Hollon v. Consumer Plumbing Recovery Ctr.*, 417 F. Supp. 2d 849, 853 (E.D. Ky. Feb. 28, 2006).

Here, like in *Shupe* and *Hollon*, NY Life pointed to certain sums that would be instructive to the amount in controversy: (1) $11,180 per month since November 30, 2021 (totaling $223,600), and (2) the value of the original complaint, $31,467.40. [R. 8 at pg. 11; *See* R. 1 at pg. 265]. While $223,600 certainly meets the amount in controversy required for removal, NY Life argues that even if the court only takes the later sum into consideration, adding a conservative 1:1 ratio of punitive damages would exceed $75,000. Here, like in *Hollon*, when adding the new claims, a 1:1 ratio of punitive damages, and attorneys' fees to $31,467.40 it is more likely than not that the amount in controversy will exceed $75,000.

Ritchie relies on cases where defendants could not point to a sum, grounded in the evidence of the case, to show that the amount in controversy likely exceeded $75,000. In those cases, the defendants used average jury awards, did not produce evidence at all, or did not connect their value assertions to the facts of the case. *Minix v. Kawasaki Motors Corp.*, U.S.A., 2009 U.S. Dist. LEXIS 65312, at *5–7 (E. D. Ky. July 23, 2009); *Sargent v. Monumental Life Ins. Co.,* 2013 U.S. Dist. LEXIS 11007, at *3–5; *King v. Household Fin. Corp. II,* 593 F. Supp. 2d 958, 960 (E.D. Ky. Jan. 16, 2009). In *Minix, Sargent*, and *King*, the court was unwilling to assume values for both compensatory and punitive damages. Here, the value for compensatory damages is not speculative because at least the one breach of contract claim is valued at $31,467.40. When adding the new claims and requests for damages, it is more likely than not that the amount in controversy exceeds $75,000.

Because the removal is timely and the amount in controversy likely exceeds $75,000, the request for attorneys' fees does not need to be addressed and is denied.

### III. CONCLUSION

The undersigned RECOMMENDS that Plaintiffs' motion to remand and request for attorney's fees [R. 6] be DENIED.

*** *** *** ***

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Recommended Disposition. Particularized objections to this Recommended Disposition must be filed within fourteen days from the date of service thereof or further appeal is waived. *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Thomas v. Ann*, 728 F.2d 813, 815 (6th Cir. 1984). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(1).

Signed October 23, 2023.



Signed By:
*Edward B. Atkins*  /s/ EBA
**United States Magistrate Judge**