**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND**

CIVIL ACTION NO. 23-70-DLB-EBA

STACY L. RITCHIE                                                                                    PLAINTIFF

v.            **ORDER ADOPTING REPORT AND RECOMMENDATION**

NEW YORK LIFE INSURANCE COMPANY                                      DEFENDANT

*****************

This matter is before the Court upon Plaintiff Stacy L. Ritchie's Motion to Remand (Doc. # 6) and Magistrate Judge Edward B. Atkins' Report and Recommendation in which he recommends that the motion be denied (Doc. # 14). Plaintiff has filed Objections to the Report and Recommendation (Doc # 16). For the reasons set forth herein, the Court will adopt the Report and Recommendation, overrule the objections thereto and deny the Motion to Remand.

**I.**

The facts of this matter have been set forth in great detail in Magistrate Judge Atkins' Report and Recommendation and will be summarized here.

On February 16, 2022, Stacy Ritchie sued New York Life Insurance Company ("NY Life") in Rowan County Circuit Court for breach of the contract based upon its denial of her claim for disability benefits. (Doc. # 1-1). On March 25, 2022, Ritchie moved for default judgment requesting over $1,920,000 in relief. *Id.* at p. 35. Subsequently, on April

1

12, 2022, NY Life removed the action from Rowan County Circuit Court based on diversity jurisdiction. *Id.* at p. 87.

Thereafter, the parties agreed to remand to state court. The Agreed Order of Remand does not specify an amount in controversy but states that the jurisdictional requirement "is not satisfied.". *Id.* at 95.

Discovery followed, including interrogatories, requests for the production of documents and the deposition of NY Life's employee Annette DeRobertis on March 23, 2023.

On April 24, 2023, Ritchie moved in the Rowan Circuit Court for leave to file an Amended Complaint in order add three new claims alleging violations of the Kentucky Unfair Claims Settlement Practices Act (KRS 304.12-230), Time of Payment of Claims (KRS 304.12-235), and breach of good faith and fair dealing as well as a claim for punitive damages. *Id.* at 263-270.  Ritchie maintains that she sought to amend her complaint based on information gleaned during DeRobertis' deposition. Specifically, Ritchie alleges that in the deposition she learned for the first time that DeRobertis did not adequately investigate Ritchie's claim.  NY Life contends that the basis and methodology for DeRobertis' decision, including the fact that DeRobertis did not independently investigate Ritchie's claim, was included in Ritchie's NY Life Claims File, which was produced in discovery over a year prior, on June 3, 2022.

Ritchie's Motion to Amend the Complaint was heard in Rowan Circuit Court on May 5, 2023.  On May 11, 2023, the Rowan County Circuit Court entered a written order

2

granting Ritchie's Motion for Leave to File an Amended Complaint and ordering that Ritchie's amended complaint be "deemed filed as of [May 10, 2023]." (Doc. 1-1 at 294).

Twenty-eight days after the Amended Complaint was filed, on June 8, 2023, NY Life removed this action from Rowan County Circuit Court. (Doc. # 1). In its Notice of Removal, NY Life alleged that this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 and § 1441, and that removal is timely pursuant to § 1446. *Id.* Specifically, NY stated that: (1) the amount in controversy exceeds $75,000; (2) removal was filed within 30 days of the filing of the Amended Complaint; and (3) Ritchie acted in bad faith in order to prevent NY Life from removing the action *Id.*

Plaintiff sought remand. (Doc. # 6). She argued that NY Life's removal was untimely and that the requisite amount in controversy has not been established.

Magistrate Judge Atkins found that removal was proper and recommends that Plaintiff's Motion to Remand be denied. (Doc. # 14).

Plaintiff filed Objections to the Report and Recommendation. (Doc. # 16). However, her "objections" merely reiterate the arguments set forth in her motion and reply which were considered and, ultimately, rejected by Magistrate Judge Atkins. An objection that does "nothing more than state a disagreement with a Magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *United States v. Shephard*, No. 5:09-cr-81-DLB-EBA, 2016 WL 9115464, at *1 (E.D. Ky. Sept. 18, 2016) (*quoting VanDiver v. Martin*, 304 F. Supp. 2d 934, 938 (E.D. Mich. 2004)). As such, Plaintiff objections are not proper.

3

Nonetheless, the Court will review the Report and Recommendation *de novo*. Fed.R.Civ.Proc. 72(b)(3).

**II.**

Under 28 U.S.C. § 1441(a), a defendant may remove to federal court "[a]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . ." This Court has original jurisdiction over, among others, civil actions where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1).

When an action is not immediately removable when filed, but later becomes removable, "a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).

If a case would implicate diversity jurisdiction, then it may not be removed "more than one year after commencement of the [state-court] action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1); *see also Forest Creek Townhomes, LLC v. Carroll Prop. Mgmt., LLC*, 695 F. App'x 908, 911–12 (6th Cir. 2017) (unpublished). The removing defendant must prove not only "that the district court possesses jurisdiction," *Williamson v. Aetna Life Ins.*, 481 F.3d 369, 375 (6th Cir. 2007), but also that the plaintiff has prevented timely removal in bad faith, *Keller Logistics Grp. v. Navistar, Inc.*, 391 F. Supp.

4

3d 774, 778 (N.D. Ohio 2019) (*citing Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000)).

### III.

The Court notes that the diversity of citizenship is not in dispute. The only issues before the Court are the timeliness of the removal and the amount in controversy.

### A.

The Court finds that the removal was timely as it was filed within the 30-day deadline set forth in 28 U.S.C. § 1446(b). The operative pleading, the Amended Complaint, was "deemed filed" on May 10, 2023. NY filed its Notice of Removal on June 8, 2023 – twenty-eight days after the matter became removable.

Although the removal was over one year after the commencement of this civil action, seemingly in violation of 28 U.S.C. § 1446(c)(1), Plaintiff's bad faith exempts the one-year limit. As Magistrate Atkins found:

> [O]ver one year having passed since the commencement of this action, and with no new information, Ritchie has added new claims and additional damages. This strongly suggests that Ritchie acted intentionally to prevent removal by waiting until after the one-year deadline to add more claims.

(Doc. # 14, p. 8).

Plaintiff contends that she amended her complaint to add the bad faith claims only after she learned that bad faith may be in issue during the March 23, 2023 deposition of NY Life's employee. Yet, this "newly discovered evidence" was not new. Plaintiff had access to it in June of the preceding year when her claims file was produced in discovery. (Doc. # 1-2). There was no reason to delay adding the bad faith claims for over a year.

5

The only inference that can be drawn is that of bad faith, that she intentionally waited for the one-year clock to run to augment her claims.

In addition, as Magistrate Judge Atkins concluded, Plaintiff's "wavering assertions of the amount in controversy raise a reasonable inference of bad faith." (Doc. # 14, p. 8). Indeed, after requesting in excess of a million dollars, Plaintiff agreed to an amount below $75,000, then, much later added three new claims as well as prayer for punitive damages.

Based upon a review of the records, the Court agrees with Magistrate Judge's finding that removal did not run afoul 28 U.S.C. § 1446(b) or § 1446(c)(1) and was timely.

**B.**

Plaintiff argues that the requisite amount in controversy has not been sufficiently established and, as such, remand is warranted.

Determining the amount in controversy can be vexing in cases emanating from Kentucky courts. Kentucky Rule of Civil Procedure 8.01 prohibits *ad damnum* clauses. Where there is nothing on the face of the pleadings from which a good faith amount in controversy may be ascertained, the burden will be on the Defendant to prove proper removal by a preponderance of the evidence. *Gafford v. General Electric Co.,* 997 F.2d 150 (6th Cir. 1993).

This case concerns disability benefits. The benefits due for the purposes of analyzing the amount-in-controversy for removal is "the amount of unpaid benefits accrued at the time the case was filed in state court." *Ison v. Berkshire Life Ins. Co. of Am.*, No. 7:20-CV-158-REW, 2021 WL 2328003, at *1 (E.D. Ky. June 8, 2021) (*quoting Mass. Cas. Ins. Co. v. Harmon*, 88 F.3d 415, 416-17 (6th Cir. 1996)). NY Life alleges that

6

the benefits accrued as of the date this lawsuit was filed total $43,532.61. Plaintiff does not dispute this amount. However, "an amended complaint supersedes an earlier complaint for all purposes." *In Re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 589 (6th Cir. 2013) *(citing Pac. Bell Tel. Co. v. Linkline Commc'ns., Inc.*, 555 U.S. 438, 456 n.4 (2009)). Thus, the disability benefits amount in controversy calculated as of the date of the Amended Complaint, which would be much greater than $43,532.61. Moreover, Plaintiff also seeks punitive damages. Although punitive damages cannot be determined with certainty, even applying a "conservative 1:1 ratio of punitive damages" catapults the amount in controversy over $75,000." *Hollon v. Consumer Plumbing Recovery Ctr.*, 417 F. Supp. 2d 849, 853 (E.D. Ky. Feb. 28, 2006). Even if the Court applies the lower disability benefits amount in controversy of $43,532.61, a punitive damages multiplier of 1:1 is still more than enough to satisfy the $75,000 threshold.

Based upon the record, it is more likely than not that the amount in controversy exceeds the requisite $75,000.

**IV.**

Defendant's notice of removal is timely under both 28 U.S.C. §§ 1446(b)(3) and 1446(c)(1) and the amount-in-controversy exceeds $75,000. As such, this Court has jurisdiction over this matter.

Accordingly, **IT IS ORDERED** as follows:

(1) The Report and Recommendation of the United States Magistrate Judge (Doc. # 14) is **ADOPTED** as the Opinion of the Court;

(2) Plaintiff's Objections to the Report and Recommendation (doc. # 16) are **OVERRULED**; and

7

(3)     Plaintiff's Motion to Remand (Doc. # 6) is **DENIED**.

This 14th day of March, 2024.



L:\DATA\ORDERS\Ashland Civil\2023\23-70 Order Adopting RR.docx